# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANFOSS A/S,<br><br>and<br><br>EATON CORPORATION PLC,<br><br>　　　　　Defendants. | Case No. 1:21-cv-1880 |

## UNITED STATES' EXPLANATION OF PROCEDURES UNDER THE ANTITRUST PROCEDURES AND PENALTIES ACT

The United States submits this memorandum summarizing the procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) (the "APPA" or "Tunney Act"), related to the Court's review of the proposed Asset Preservation Stipulation and Order ("Stipulation and Order") and the proposed Final Judgment in this matter, which were filed at the same time as this Explanation.

1. The United States has filed a proposed Final Judgment and a Stipulation and Order, to which the United States and Defendants have agreed, and the United States will file a Competitive Impact Statement explaining the proposed settlement. The United States and Defendants have also agreed that the Court may enter the proposed Final Judgment after the requirements of the Tunney Act have been satisfied.

2. The United States and Defendants ask that the Court sign the Stipulation and Order as soon as possible. The Stipulation and Order will ensure that Defendants preserve

competition during the Tunney Act proceedings by (a) complying with the provisions of the proposed Final Judgment and (b) maintaining the assets that the proposed Final Judgment requires Defendants to divest.

3. The Court should not sign the proposed Final Judgment until the requirements of the Tunney Act are satisfied. The Tunney Act requires that the United States (a) publish the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* and (b) cause a summary of the terms of the proposed Final Judgment and the Competitive Impact Statement to be published in one or more newspapers at least 60 days before the Court signs the proposed Final Judgment. The newspaper notice(s) will inform the public how to submit comments about the proposed Final Judgment to the United States Department of Justice's Antitrust Division. Defendants in this matter have agreed to arrange and pay for the required newspaper notice(s).

4. During the 60-day period following publication in the *Federal Register*, the United States will consider any comments it receives. After the 60-day period has ended, the United States will prepare a response to any comments and will (a) file with the Court the comments and the United States' response and (b) publish the comments and the United States' response in the *Federal Register* unless this Court authorizes an alternative method of public dissemination of the public comments and the response to those comments pursuant to the Tunney Act, 15 U.S.C. § 16(d). After the comments and the United States' response have been filed with the Court and published, the United States may move the Court to enter the proposed Final Judgment unless the United States has withdrawn its consent to entry of the Final Judgment, as permitted by Paragraph V.A of the Stipulation and Order.

5.  If the United States moves the Court to enter the proposed Final Judgment after compliance with the Tunney Act, the Court may enter the Final Judgment without a hearing if the Court concludes that the Final Judgment is in the public interest.

Dated: July 14, 2021

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

　/s/ Rebecca Valentine
REBECCA VALENTINE (D.C. Bar #989607)
Trial Attorney

Defense, Industrials, and Aerospace Section
Antitrust Division
450 Fifth Street N.W., Suite 8700
Washington, DC 20530
Telephone: (202) 476-0432
Facsimile: (202) 514-9033
Email: rebecca.valentine@usdoj.gov